## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NICOLAS GOMEZ, HUGO GOMEZ, JOSE GOMEZ, HECTOR MARTINEZ, and NARCIZO MARTINEZ, <br><br> Plaintiffs, <br><br> v. <br><br> EMC, INC. and SAM SANCHEZ, individually, <br><br> Defendants. | |

## **COMPLAINT AT LAW**

Plaintiffs Nicolas Gomez, Huge Gomez, Jose Gomez, Hector Martinez, and Narcizo Martinez, by and through their attorneys, Caffarelli & Siegel Ltd. complain against Defendants EMC, Inc. ("EMC") and Sam Sanchez, individually ("Sanchez"), as follows:

## **NATURE OF ACTION**

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") for Defendants' failure to pay overtime wages due to Plaintiffs. Specifically, Defendants have violated the FLSA by failing to pay Plaintiffs at a rate equal to one and one-half times their regular rate of pay (the "overtime rate") for all hours worked in excess of forty (40) per workweek.

2.  Plaintiffs also bring a claim under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages as described in Paragraph 1.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed within the State of Illinois, at Defendant EMC's office located in Chicago, Illinois. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Nicolas Gomez was employed by Defendants as a laborer during the three (3) years preceding the filing of this Complaint.

6. Plaintiff Hugo Gomez was employed by Defendants as a laborer during the three (3) years preceding the filing of this Complaint.

7. Plaintiff Jose Gomez was employed by Defendants as a laborer during the three (3) years preceding the filing of this Complaint.

8. Plaintiff Hector Martinez was employed by Defendants as a laborer during the three (3) years preceding the filing of this Complaint.

9. Plaintiff Narcizo Martinez was employed by Defendants as a laborer during the three (3) years preceding the filing of this Complaint.

10. Nicolas Gomez resides in Chicago, Illinois, in this judicial district.

11. Hugo Gomez resides in Chicago, Illinois, in this judicial district.

12. Jose Gomez resides in Chicago, Illinois, in this judicial district.

13. Hector Martinez resides in Chicago, Illinois, in this judicial district.

14. Narcizo Martinez resides in Chicago, Illinois, in this judicial district.

15. Defendant EMC is an Illinois corporation engaged in the construction business. It is located at 658 West Belden, Chicago, Illinois 60614, in this judicial district.

16. Defendant Sanchez is the owner of Defendant EMC.

17. Defendant Sanchez is involved in the day-to-day business operations of Defendant EMC. Among other things, Defendant Sanchez has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on Defendant EMC's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation.

## FACTUAL ALLEGATIONS

18. Plaintiffs worked for Defendants as laborers during the three (3) years preceding the filing of this Complaint.

19. During the three (3) years preceding the filing of this Complaint, Plaintiffs routinely worked in excess of forty (40) hours per workweek.

20. During the three (3) years preceding the filing of this Complaint, Defendants knew or should have known that Plaintiffs routinely worked in excess of forty (40) hours per workweek.

21. During the three (3) years preceding the filing of this Complaint, Defendants failed to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

22. During the three (3) years preceding the filing of this Complaint, Plaintiffs were not paid at the overtime rate for their hours worked in excess of forty (40) hours per workweek.

23. Rather, Defendants paid Plaintiffs at their "straight time" rate for all hours, including overtime hours.

24. Defendants were aware of their obligations to pay non-exempt hourly workers overtime pay, and intentionally chose not to pay Plaintiffs accordingly.

25. Defendants acted in bad faith in failing to properly compensate Plaintiffs for the work they performed.

## COUNT I
## Violation of the Fair Labor Standards Act

26. Plaintiffs re-allege and incorporate Paragraphs 1 – 25 as though fully set forth herein.

27. Pursuant to 29 U.S.C. § 207, Plaintiffs were entitled to be compensated at the overtime rate for all hours worked in excess of forty (40) per workweek.

28. Defendants failed to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

29. Defendants' failure to pay Plaintiffs at the applicable overtime rate for all hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

30. Defendants knew their obligations under the FLSA, but deliberately chose not to heed them. Thus, Defendants' failure to properly compensate Plaintiffs is a willful violation of the FLSA.

31. As a direct and proximate result thereof, Plaintiffs are owed back wages and liquidated damages.

WHEREFORE, Plaintiffs Nicolas Gomez, Huge Gomez, Jose Gomez, Hector Martinez, and Narcizo Martinez, respectfully request that this Court enter judgment in their favor and enter an order as follows:

    a) Awarding judgment for back pay equal to the amount of all unpaid compensation due for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

    b)    Awarding liquidated damages in an amount equal to the amount of unpaid compensation pursuant to 29 U.S.C. § 216(b);

    c)    Awarding prejudgment interest with respect to the amount of unpaid compensation;

    d)    Awarding reasonable attorneys' fees and awarding costs incurred in filing this action; and

    e)    Ordering such other and further relief as the Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law

32. Plaintiffs re-allege and incorporate Paragraphs 1 – 31 as though fully set forth herein.

33. The matters set forth in this Count arise from Defendants' violations of the overtime compensation provision of the IMWL, 820 Ill. Comp. Stat. 105/4(a).

34. Plaintiffs were employees of Defendants who were not properly paid overtime wages as required under the IMWL.

35. Pursuant to 820 Ill. Comp. Stat. 105/4(a), Plaintiffs were entitled to be compensated at the overtime rate for all hours worked in excess of forty (40) in individual workweeks.

36. Defendants failed to pay overtimes wages to Plaintiffs for all hours worked in excess of forty (40) hours per workweek at the overtime rate.

37. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiffs are entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiffs Nicolas Gomez, Huge Gomez, Jose Gomez, Hector Martinez, and Narcizo Martinez, respectfully request that this Court enter judgment in their favor and enter an order as follows:

a) Awarding judgment for the back wages due as a result of Defendants' violations of the IMWL;

b) Awarding prejudgment interest on the back wages in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

Dated: September 27, 2012                               Respectfully submitted,

Alejandro Caffarelli, #06239078                         NICOLAS GOMEZ, HUGO GOMEZ,
Madeline K. Engel, #06303249                            JOSE GOMEZ, HECTOR MARTINEZ,
Caffarelli & Siegel Ltd.                                and NARCIZO MARTINEZ,
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL 60601                                       By: /s/ Alejandro Caffarelli
Tel. (312) 540-1230                                         Attorney for Plaintiffs
Fax (312) 540-1231